# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv641
# [3:10cr271]

| | |
|---|---|
| **CORY GETON JOHNSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **ORDER DENYING** |
| ) | **PETITION** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), the respondent's Motion to Dismiss (#8), and the respondent's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#7). Having determined that a Reply is not needed, the court has considered the pleadings and will grant the Motion to Dismiss and deny the petition.

## FINDINGS AND CONCLUSIONS

**I.  Initial Review**

Upon initial screening under the Rules Governing §2255Proceedings, Rule 4(b) 28 U.S.C. §2255, the court initially determined that: (1) the petition was signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255; (2) that petitioner provided indicia that the petition was filed within one year of the conviction becoming final, §2255(f); and (3) petitioner asserted an arguably colorable claim for relief cognizable under § 2255(a). The court then determined that

the respondent should file an answer or other response to the petitioner's claims, which the court determined to be as follows:

> (I)   Petitioner's Sixth Amendment Right to Counsel was Denied based on Ineffective Assistance of Trial Counsel.

The respondent timely filed its Motion to Dismiss and accompanied such motion with an Answer, serving as a supporting memorandum of law.

**II.   Background**

After a substantial drug operation was discovered by state law enforcement officers when they responded to a burglary alarm at petitioner's home in 2010 (a scene from which petitioner ultimately fled, hit one officer with his car, led officers in a high speed chase, crashed, and then fled on foot), a federal grand jury sitting in this district returned an indictment charging petitioner with:

> (1)   possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841;
>
> (2)   possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and
>
> (3)   possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

At all relevant times to this petition, Assistant Federal Defender Rahwa Gebre-Egziabher represented Petitioner.

Several months after the indictment was returned, petitioner entered into a plea agreement with respondent in which he agreed to plead guilty to Count Two (the § 924(c) offense), and the respondent agreed to dismiss the remaining counts. See 3:10cr271 (#11). As part of the agreement, petitioner waived his right to contest the conviction or sentence on appeal or in a post-conviction proceeding, except for claims of ineffective assistance of counsel,

prosecutorial misconduct, or on the grounds that any of his prior felonies were no longer qualifying felonies after Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Petitioner entered his guilty plea at a Rule 11 hearing before Magistrate Judge Keesler, which was both recorded and reflected in a written Order accepting the plea.

At the Rule 11 hearing, petitioner acknowledged that he was under oath, that he understood the charge to which he was pleading and the minimum and maximum penalty, that he was in fact guilty of the crime, that he understood the terms of his plea agreement, that he was waiving his appellate and post-conviction rights except for the three instances outlined above, that no one had "threatened, intimidated or forced" him to plead guilty, that he had sufficient time to discuss with his lawyer "any possible defenses" he may have to these charges, and that he was satisfied with the services of his lawyer. See 3:10cr271, (#12). At the conclusion of the hearing, the magistrate judge found the plea to have been knowingly and voluntarily made, and accepted it as reflect in the magistrate judge's Order accepting such plea. Id.

At the sentencing hearing, petitioner re-affirmed the answers he gave at the Rule 11 hearing, and this court affirmed the magistrate judge's previous finding of voluntariness and accepted petitioner's guilty plea. Sent. Hrg. Tr. at 2-4. The parties then informed the court of their *joint* recommendation of a 96-month sentence, contending that this sentence accurately accounted for the various 18 U.S.C. § 3553(a) factors and was sufficient but not greater than necessary. Id. at 7, 11, 12-15. The court ultimately accepted that recommended sentence.

Counsel for petitioner and for respondent also recounted during the sentencing hearing that respondent initially believed petitioner would qualify as a career offender, but upon learning that petitioner would no longer so qualify after Simmons, informed defense counsel that it would

instead seek an upward variance to account for petitioner's lengthy and significant criminal history. Id. at 11. Defense counsel conferred with petitioner (prior to sentencing), and petitioner agreed to the joint recommendation of a 96-month sentence. Id. at 16. The court accepted the parties' recommendation and sentenced petitioner to 96 months of imprisonment. Id. at 20. The court entered the judgment on November 3, 2011, and petitioner did not appeal.

## III. Ineffective Assistance of Trial Counsel

Petitioner alleges that his attorney rendered ineffective assistance by: (1) failing to file a motion to suppress the evidence seized from his residence; (2) failing to discuss with him the applicability of Carachuri-Rosendo to his case; and (3) failing to argue that there was no nexus between the firearms in his residence and the alleged drug offenses.

## IV. Petitioner's Claims are Lemaster Barred

"[B]ecause courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Fourth Circuit has held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22 (citation omitted).

Petitioner does not allege that the Rule 11 was conducted improperly and petitioner has failed to allege any conduct by his counsel that would circumvent the preclusive effect of Lemaster. Here, counsel has not admitted to being ineffective, and, as it will be discussed below

−4−

in the context of Strickland, counsel was highly effective. It further appears that, based on a review of all the materials of record, petitioner was not an "un-counseled defendant" and has not provided any evidence that he lacked the capacity to either enter into a knowing and voluntary plea or to provide the court with truthful answers. Absent "extraordinary circumstances," none of which have been alleged and none of which appear from a review of the record or in the PSR (which includes sections on mental and physical health, as well as educational achievement), prevailing law provides that once the truth of the sworn statements made during a Rule 11 colloquy is established, any § 2255 request that would conflict with those averments should be summarily dismissed. Id. The reason or reasons each claim supporting petitioner's contention of ineffective assistance is barred under Lemaster will be discussed *seriatim*.

As to his first claim that his attorney failed to file a motion to suppress the evidence seized from his residence, the magistrate judge asked "Have you had enough time to discuss with your attorney any possible defenses you may have to these charges?" Entry and Acceptance of Guilty Plea (#12), at ¶ 31. As petitioner averred that he had time to discuss any possible defenses, such claim is foreclosed.

As to his second claim - - failure to discuss with him the applicability of Carachuri-Rosendo to his case - - such claim is also foreclosed by his answer to question #31. In addition, such claim is patently false as counsel for petitioner went into great detail at sentencing, explaining to the court how the favorable sentencing recommendation was achieved in light of Carachuri-Rosendo's progeny Simmons:

> And what I can tell the Court is that the Government had extended this plea offer with the expectation that Mr. Johnson would have been a career offender in some ways unrelated to Simmons. The PSR was issued and the Government did not believe that the sixty-month sentence was appropriate in this

-5-

> matter because of Mr. Johnson's criminal history and also because of some other outstanding state related cases to this incident. In my discussions with Mr. Zolot, he wanted the sentence to accurately reflect the seriousness of this offense, and having conferred with Mr. Johnson, we agreed that an eight-year sentence would be appropriate, and that would resolve the Government's concerns. And that was also something that Mr. Johnson wanted to do.

Sent. Tr., at 7-8. Such claim is, therefore, foreclosed.

In his third claim, petitioner contends that his attorney was ineffective in failing to argue that there was no nexus between the firearms in his residence and the alleged drug offenses. Again, petitioner's admissions and averments made before this court foreclose this claim as he admitted that he had had time to discuss any possible defenses with counsel. Further, in pleading guilty to such offense and then stipulating to a factual basis, petitioner has admitted that a nexus in fact existed between the firearms and his drug dealing operation. Finally, paragraph 10 of the Presentence Report ("PSR") (as to which petitioner advised the court he had reviewed with counsel, Sent. Tr. at 4), provided a factual basis for his plea, and provided as follows:

> 10. A search of the residence at 3435 Ann Franklin Court resulted in the location of two firearms located on the top of the cabinets in the kitchen. One of the firearms was a 45 caliber Kimber model Ultra Carry II semiautomatic pistol, serial number KU18459. The other firearm was a Kel-Tec Model P3AT .380 Auto. This firearm had a laser sight on the front which covered up the serial number. On July 16, 2010, upon examination by the CMPD crime lab, the sight was removed and the serial number J0702 was obtained. The serial number produced a stolen firearm hit through NCIC and it was confirmed that the firearm had been stolen out of Middlesboro, KY. Both firearms were test fired and found to be in good operating condition. Also seized during the search were 236.8 grams of marijuana, $2,000 in $20 bills, three counterfeit bills, 88.8 grams of crack cocaine, 176.1 grams of cocaine powder, 30 rounds of live handgun ammunition, 4 money grams totaling $3,152 (along with other money gram receipts), 3 cell phones, 1 HP laptop and drug paraphernalia items (5 boxes of sandwich bags, 3 sets of digital scales, wood press, 61 loose pills and various other items).

Final PSR, at ¶ 10. Further, petitioner, through counsel, stipulated to the existence of a factual basis at sentencing. Sent. Tr. at 4. The third claim is, therefore, foreclosed under Lemaster.

## V. Substantive Review

Finally, in an abundance of caution, the court has considered the merits of petitioner's claim that his sentence should be vacated due to ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697.

In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

In this case, petitioner's case was in no manner prejudiced by his counsel. Quite the opposite: counsel was highly effective in achieving a favorable result, as revealed in a remarkable paragraph in the Final PSR:

**Impact of Plea Agreement**

63. The Plea Agreement provides for the dismissal of a drug violation, which carries a mandatory minimum sentence of 5 years, and possession of a firearm by a convicted felon, sentences for which would have been served consecutively to this offense. Based on the drug amounts and firearms involved in these offenses, the defendant's total offense level would have been 25, criminal history category V, for a guideline range of imprisonment of 100-125 months. <u>Therefore, the Plea Agreement has had a significant impact on the defendant's exposure to imprisonment</u>.

PSR, at 19 (emphasis added). Having closely reviewed all the materials before it, petitioner's claim of ineffective assistance of counsel is meritless.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) is **DENIED**, the respondent's Motion to Dismiss (#8) is **GRANTED**, and the Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** with prejudice.

**Denial of a Certificate of Appeal**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 27, 2012

Max O. Cogburn Jr.
United States District Judge