UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00271-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CORY GETON JOHNSON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's third Motion for Return of Seized Property (#45). The court directed the government to respond to such motion and to provide the court with evidence in the form of affidavits concerning the disposition of defendant's property. Within the time allowed, the government has submitted affidavits which clearly answer defendant's questions: (1) as to the whereabouts of clothes that were in the duffle bag, the government has averred that the duffle bags contained contraband and other evidence which has been retained or destroyed, but no clothes; and (2) as to the location of the personal stereo and personal property that was in his car, the stereo was auctioned off by state authorities in December 2013 as abandoned property and the unclaimed personal items found in the car were destroyed. The government avers that CMPD attempted to notify defendant in October 2013 by sending him certified mail at his last known address, which was returned as undeliverable.

Having received evidence necessary to decide the motion, Fed.R.Crim.P. 41(g), it appears to the satisfaction of the court that all returnable property that may have been in the possession of the government or the state and federal agents involved in defendant's prosecution has either been returned, destroyed, or auctioned off. The only item that concerns the court is the

1

sale of the stereo. While it is clear that CMPD attempted to contact defendant by sending him notice to what appears to be a street address in Charlotte, there is no explanation as to why the CMPD, which was involved in this prosecution,[1] did not send such notice to his prison address, which is readily available online. See http://www.bop.gov/inmateloc/. Now that CMPD knows where defendant lives, it would fair and appropriate for CMPD to send defendant a check (for deposit in his prison trust fund) of the proceeds from the auction; however, that it only a suggestion as any claim that defendant may have against CMPD for sale of its stereo would be a state matter, as explained below.

This court's authority under Rule 41(g) ends when it appears to the satisfaction of the court that there is no property remaining in the custody of the government to return to defendant. To the extent that defendant's motion could be construed as one for monetary relief in this criminal action for the proceeds realized from the auctioned-off stereo, a claim for monetary relief against the United States would be barred by sovereign immunity, as Rule 41(g) does not constitute a waiver of the United States' sovereign immunity from suits seeking money from the treasury. Okoro v. Callaghan, 324 F.3d 488, 490-91 (7th Cir. 2003); United States v. Stevens, 500 F.3d 625, 628 n. 3 (7th Cir. 2007). To the extent that defendant's motion could be considered a civil claim against the United States, the Federal Tort Claims Act ("FTCA") waives sovereign immunity from suits seeking damages for "injury or loss of property." 28 U.S.C. § 1346(b)(1). That waiver is, however, taken back by 28 U.S.C. § 2680(c), which creates an exception from § 1346(b)'s waiver of sovereign immunity for "any claim arising in respect of ... the detention of any goods, merchandise, or other property by ... any other law enforcement officer." 28 U.S.C. § 2680(c). The phrase "any other law enforcement officer" means all law enforcement officers. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008). The phrase "any claim

---

[1] *See* PSR (#19) at ¶¶ 5-11.

arising in respect of" the detention of goods has been construed to mean any claim "arising out of" the detention of goods, including claims seeking damages for injury to property while it was being detained by law enforcement officers. Kosak v. United States, 465 U.S. 848, 854 (1984).

Even if the court were to construe defendant's third motion as a free-standing civil action seeking damages from the United States for a due process violation arising out of the detention and sale of his stereo, such a claim would fall under § 2680(c) and is barred by sovereign immunity. Diaz v. United States, 517 F.3d 602, 613-14 (2d Cir. 2008) (holding that § 2680(c) bars claim seeking monetary relief for due process violation arising out of seizure and forfeiture of property). The court notes that the CAFRA amendments to § 2680(c), which "re-waives" sovereign immunity in certain forfeiture action, do not apply here as the stereo was never the *res* of any forfeiture action or notice. See 28 U.S.C. § 2680(c); *c.f.* Indictment (#6) (Notice of Forfeiture).

To sum up, the court has carefully considered each and every request from defendant for return of seized property. It appears to the satisfaction of the court that all such returnable property in the possession of the government or its agents has in fact been returned. To the extent that the stereo was sold at auction by CMPD, the court is without jurisdiction at this point to direct CMPD to pay over the funds. This court does, however, have an affirmative duty to construe pleadings in a light most favorable to *pro se* litigants and to provide such litigants with some guidance where warranted. Defendant is advised that he should contact CMPD and inquire about the auction proceeds, seek a refund from CMPD, and absent such amicable resolution, request from CMPD instructions on how to make an administrative claim. If defendant does not receive satisfaction after exhausting that administrative process, and if he believes his Fourteenth and Fifth Amendment rights to due process have been violated by a state actor (to wit, that his

property was sold by CMPD without proper notice), defendant *may* be able to seek relief in this court by filing a Section 1983 action.

By providing defendant with this advice, the court makes no representation that any such avenue will bear fruit and defendant should be aware that time is of the essence in making any such claims as statutes of limitation may come into play. At this point, however, the relief available to plaintiff in this criminal action has been exhausted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's third Motion for Return of Seized Property (#45) is **DENIED** as it appears that the government has returned to defendant or his designee all returnable property that was in its possession.

Signed: June 10, 2014

Max O. Cogburn Jr.
United States District Judge

4